IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOBBY L. LYNN, :
:
    Plaintiff, :
: CIVIL ACTION
  v. :
: NO. 08-1759
JOHN TUCCI, et al., :
:
    Defendants. :

## OPINION

**Slomsky, J.**                                                                                                               **June 2, 2011**

### I.    INTRODUCTION

    This case involves *pro se* Plaintiff Bobby L. Lynn, an inmate in Pennsylvania, who filed a civil rights action against the Lower Merion Township Police Department and two of its officers. In Court Orders and at a hearing, Plaintiff was directed to file a proper civil complaint. He has not done so, apparently because his complaint stems from a desire to overturn a state conviction and a civil rights action is not the proper way to achieve this purpose. Moreover, Plaintiff now has indicated that he seeks to withdraw the above-captioned civil rights suit and instead to file a Habeas Corpus Petition pursuant to Title 28, United States Code, Section 2254. Therefore, the Court will dismiss the instant action.

### II.    BACKGROUND

    On April 14, 2008, Plaintiff Bobby L. Lynn commenced this action by filing a Motion for Leave to Proceed *in forma pauperis* (Doc. No. 1). On November 14, 2008, the Court entered an Order granting Plaintiff leave to proceed *in forma pauperis* (Doc. No. 9). On November 20,

2008, Plaintiff filed a document referred to as a "Notice"(Doc. No. 10). On January 14, 2009, Plaintiff next filed a "Motion Petition to Appeal the (Guilty) Verdict" (Doc. No. 11). Given the inadequacy of these documents to constitute a complaint, the Court issued an Order on February 19, 2009, directing Plaintiff to file a complaint in accordance with Federal Rule of Civil Procedure 8(a) in order for him to properly pursue this civil action (Doc. No. 13).[1] Almost seven (7) months passed and Plaintiff did not file a complaint. Consequently, on September 9, 2009, the Court ordered the case dismissed with prejudice (Doc. No. 15). Plaintiff appealed this Order, and on June 24, 2010, the Court of Appeals remanded the case for further proceedings because the Court had dismissed the case without addressing the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).

On July 27, 2010, a video status hearing was held at which time the Court orally ordered Plaintiff to file a complaint in compliance with the Federal Rules of Civil Procedure (Doc. No. 21). Subsequently, on August 13, 2010, Plaintiff filed a document titled: "Statement of Petitioner Bobby L. Lynn." (Doc. No. 22). This "Statement" did not comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Thereafter, on December 22,

---

[1] Rule 8(a) of the Federal Rules of Civil Procedure provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief;

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

2010, the Court issued an Order stating that Plaintiff's "Statement" (Doc. No. 22) did not satisfy Rule 8(a) because it failed to clearly set forth the underlying facts alleging a cause of action, a request for relief, and the names of defendants. (Doc. No. 23.) Further, in the Order dated December 22, 2010, the Court again directed Plaintiff to file a complaint that satisfies the provisions of Rule 8(a) within forty (40) days of the date of the Order. Plaintiff next filed a Motion for Extension of Time (Doc. No. 24). The Court then issued an Order granting the extension and directing Plaintiff to file a proper Complaint no later than March 7, 2011 (Doc. No. 25).

In a "Statement" or document dated March 7, 2011 and filed on April 20, 2011 (Doc. No. 28), Plaintiff requested that the Court close the instant lawsuit and order the delivery to him of Habeas Corpus forms. Additionally, in documents filed by Plaintiff on April 6, 2011 (Doc. No. 26) and May 13, 2011 (Doc. No. 31), he once again indicated his desire to withdraw the instant action in order to pursue a Habeas Corpus claim under Title 28, United States Code, Section 2254, apparently recognizing that the proper way to attack his state conviction was through the filing of a Habeas Corpus petition. For reasons that follow, the Court will dismiss this civil case with prejudice and order the case closed.

### III. DISCUSSION

The Court will dismiss this case because Plaintiff has requested that the action be closed, and because Plaintiff has not complied with the request of the Court in the Court Orders and at the hearing held on July 27, 2010 to file a complaint that satisfies Rule 8(a).

    A.    <u>Plaintiff Has Requested Dismissal Of This Action</u>

In the Order dated December 22, 2010 directing Plaintiff to file a proper Complaint, the

Court noted the following:

> If Plaintiff desires to discontinue this civil rights suit and to file a habeas corpus action as noted above, he should inform the Court in writing that he wishes to discontinue this case and should obtain from the appropriate office of the Clerk of Court the habeas corpus forms required to be used in the District Court.[2]

(Doc. No. 23 at n.1.) Plaintiff subsequently filed a handwritten proposed order[3] which requested that:

> 1) the Clerk of Court shall close-out this civil action Seaman Law Suit case for $30 million dollars by March 7, 2011 under Lynn v. John Tucci et al. 08-1759.
>
> 2) ordering for 2254 Habeas Corpus 28 USC. Petition forms (4) extra petitions copys to complete to vacate the Guilty Verdict illegal conviction State Sentence . . . .

(Doc. No. 28 at 2.) Further, on April 6, 2011, Plaintiff filed a handwritten request in the nature of a motion for appointment of counsel (Doc. No. 26). In this request, Plaintiff petitions for "the assignment of civil and criminal lawyer of counseling to represent me in the following captioned matter . . . under the 28 USC. 2254, Habeas Corpus Petition . . . ." [sic] (Doc. No. 26 at 1.)[4] Additionally, on May 13, 2011, Plaintiff filed another handwritten statement requesting "forms of the 28 U.S.C. 2254 - Habeas Corpus petition for a writ of State Sentence and to demand for a new jury speedy trial court date within 120 calendar days." [sic] (Doc. No. 31 at 1.)

---

[2] Plaintiff was informed at the July 27, 2010 hearing that Section 2254 Habeas Corpus petitions are available at the courthouse for anyone to obtain.

[3] The request is dated March 7, 2011 and was docketed on April 20, 2011.

[4] Plaintiff moves for appointment of counsel. This is not the appropriate proceeding in which to make the request and the Motion will be denied. A similar request can be made when the Habeas Corpus petition is filed.

These filings make it clear that Plaintiff desires to discontinue the instant civil rights suit, and instead to file a Habeas Corpus action. Throughout the course of this lawsuit, Plaintiff's filings have shown a desire to challenge his state court conviction only. However, as the Court has informed Plaintiff, a civil rights lawsuit under Section 1983 of Title 42 of the United States Code is not a proper way in which to make such a challenge. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff apparently understands the difference between a civil rights action and a Habeas Corpus action and therefore wishes to withdraw the instant civil rights suit and pursue his matter through the filing of a Habeas Corpus Petition pursuant to 28 U.S.C. § 2254. In compliance with Plaintiff's several requests, the Court will dismiss this matter.

    B.    Plaintiff Has Failed To Prosecute

The Court will also dismiss this case because no proper complaint has been filed in accordance with court orders. Before dismissing a case for this reason, a court must consider the six factors set out in Poulis v. State Farm Fire & Casualty Co., which are: "1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868.

The Court has considered the Poulis factors and finds that the action should be dismissed. Plaintiff has been ordered on three (3) separate occasions to file a complaint that complies with the Federal Rules of Civil Procedure. (See Doc. Nos. 13, 21, 23.) However, in over three (3) years, Plaintiff has failed to file a proper complaint that is understandable or states a civil cause

of action.  In addition, no defendants have been served.  In construing Plaintiff's various filings liberally, which the Court is required to do because Plaintiff is proceeding *pro se*, it seems that Plaintiff is challenging his state court conviction.  This challenge will not state a cause of action in a civil rights case because, as Plaintiff has been made aware, a conviction may not be challenged through a Section 1983 civil rights action.  <u>Humphrey</u>, 512 U.S. 477.  His claim would not be meritorious in a civil rights action and the only effective thing to do at this point is to dismiss this case.

### IV. CONCLUSION

For the foregoing reasons, the instant action will be dismissed with prejudice, and the case will be closed.

An appropriate Order follows.